REGAN, Judge.
Plaintiff, Clara Boswell, a tenant, instituted this suit against the defendant, Gabriel Phillips, the owner of the property designated by the municipal number 935 North Villere Street, endeavoring to recover the sum of $11,000, representing damages incurred as a result of injuries sustained by her on December 6, 1955, at 2 p. m., when she stepped on a loose board in the porch which caused her to be thrown down a flight of steps and into the yard resulting in the injuries which form the subject matter of this litigation.
The defendant answered and denied liability, and in the alternative pleaded the contributory negligence of the plaintiff.
The Board of Administrators of the Charity Hospital of Louisiana at New Orleans intervened and asserted that it had rendered certain treatment to the plaintiff herein and that in the event of a judgment being rendered in favor of the plaintiff it is entitled to a judgment against both plaintiff and defendant in solido in the amount of $92.50, together with attorney’s fees.
*740 From a judgment in favor of defendant dismissing plaintiff’s suit and the intervention, she has prosecuted this appeal.
The record initially reveals that there were no eyewitnesses to the accident.
Plaintiff, a woman of about sixty-six years of age, testified that as she was walking on the rear porch of the premises she stepped on a loose or unnailed board which caused her to be thrown down a flight of steps and into her yard, causing certain injuries which we find unnecessary to describe.
Mary Louise Smith appeared as a witness on behalf of the plaintiff and asserted that she arrived on the scene of the accident approximately five minutes after it had occurred. She assisted plaintiff to her bed and later during the day accompanied her when she visited a doctor. When asked about the condition of the steps she replied that they were "rickety,” but that the loose boards both “had nails in them,” and that plaintiff had not pointed out to her the loose board that caused her to fall and injure herself.
The defendant testified that when he returned home that evening, one of the tenants informed him of the accident and he then visited the plaintiff and asked her how she fell. She informed him, “My leg gave way. I just fell like that.” He further asserted that he examined the porch and that there were no loose or tinnailed boards therein.
Rita Phillips, a tenant residing on the premises, appeared as a witness on behalf of the defendant and testified that shortly after the accident occurred, she walked out of her apartment and noticed the plaintiff lying down and asked her “what happened ?” She replied, “My foot weakened on me and I fell down.”
Betsy Davis, who also resided on the premises, appeared as a witness for the defendant and testified that shortly after the plaintiff fell, she saw her lying in the yard and also asked her how she fell. She replied that “her leg gave way on her.”
Dr. Gernon Brown qualified as an expert and testified on behalf of the defendant that he had examined the plaintiff’s medical record from the Charity Hospital, which reflected that in 1947 the “patient slipped and fell backwards; she twisted her knee and fell on her lower leg. * * * Long hospital history for arthritis of lumbo-sacral region, and visual complaints * * * obese colored female * * * 1951 * * clinical diagnosis, arthritis of the left knee * * * 1952 * * * left knee shows a moderate amount of osteoarthritic changes * * A report from the Charity Hospital also indicates that she was last injured in 1956, which was after the accident which is now posed for our consideration. The clinical diagnosis was “fracture of the distal tibia left.”
Dr. Brown testified that he had examined the plaintiff, and his examination disclosed that she suffered severe degenerative arthritis, involving both of her knees, and he was of the opinion that she had this condition for a number of years.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously did not accept plaintiff’s or Mary Louise Smith’s improbable versions of the manner in which the accident occurred and decided, as the record shows, that she had failed to prove her case with that certainty which the law requires. He therefore concluded that the board or boards which formed a part of the porch were not proven to be defective and that the proximate cause of the accident was the fault or general infirmities of the plaintiff.
The question which this appeal has posed for our consideration is whether that finding is so erroneous and unsupported by the evidence as to warrant a reversal by us.
 The general rule that a civil case need not be proved beyond a reasonable doubt is conceded. We have often express *741 ed the opinion in conformity with the rationale of the applicable codal article[1] for a lessee to recover damages through the alleged negligence of the lessor, the connection between the fault and the injuries must be shown with reasonable certainty. We are therefore convinced, as the trial judge was, that the plaintiff has failed to prove her case with that certainty which the law requires.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Art. 2695, LSA-Civil Code of 1870.